1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

**RICHARD RIOS HERRERA,**

Petitioner,

11

12

13          v.

14

**DAVID B. LONG,**

15

Respondent.

16

1:16-cv-00091 MJS HC

FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION WITHOUT LEAVE TO AMEND

ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER

17

18          Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas

19    corpus pursuant to 28 U.S.C. § 2254.

20    **I.      DISCUSSION**

21          **A.      Procedural Grounds for Summary Dismissal**

22          Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

23          If it plainly appears from the petition and any attached exhibits that the
            petitioner is not entitled to relief in the district court, the judge must dismiss
24          the petition and direct the clerk to notify the petitioner.

25          The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a

26    petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

27    respondent's motion to dismiss, or after an answer to the petition has been filed.  See

28    Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague,

1

1  conclusory, or palpably incredible are subject to summary dismissal. Hendricks v.

2  Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be

3  dismissed without leave to amend unless it appears that no tenable claim for relief can

4  be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

5  **B.**    **Factual Summary**

6  On November 10, 2015, Petitioner filed the instant petition for writ of habeas

7  corpus.  (Pet., ECF No. 1.) Petitioner challenges an April 21, 2015 decision of the Board

8  of Parole Hearings finding Petitioner unsuitable for parole. (ECF No. 1-1 at 10-11.)

9  Petitioner asserts the California courts unreasonably denied his claims that the Parole

10  Board engaged in an arbitrary decision making process and falsified evidence against

11  him during the hearing. (Pet.)

12  **C.**    **Federal Review of State Parole Decisions**

13  Because the petition was filed after April 24, 1996, the effective date of the

14  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in

15  this proceeding. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481

16  (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

17  A district court may entertain a petition for a writ of habeas corpus by a person in

18  custody pursuant to the judgment of a state court only on the ground that the custody is

19  in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§

20  2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L.

21  Ed. 2d 389 (2000); Wilson v. Corcoran, 131 S.Ct. 13, 16, 178 L. Ed. 2d 276 (2010).

22  The Supreme Court has characterized as reasonable the decision of the Court of

23  Appeals for the Ninth Circuit that California law creates a liberty interest in parole

24  protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair

25  procedures with respect to the liberty interest. Swarthout v. Cooke, 131 S.Ct. 859, 861-

26  62, 178 L. Ed. 2d 732 (2011).

27  However, the procedures required for a parole determination are the minimal

28  requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex,

2

1   442 U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). Swarthout, 131 S.Ct. at 862. In

2   Swarthout, the Court rejected inmates' claims that they were denied a liberty interest

3   because there was an absence of "some evidence" to support the decision to deny

4   parole. The Court stated:

5           There is no right under the Federal Constitution to be conditionally
            released before the expiration of a valid sentence, and the States are
6           under no duty to offer parole to their prisoners. (Citation omitted.) When,
            however, a State creates a liberty interest, the Due Process Clause
7           requires fair procedures for its vindication-and federal courts will review
            the application of those constitutionally required procedures. In the context
8           of parole, we have held that the procedures required are minimal. In
            Greenholtz, we found that a prisoner subject to a parole statute similar to
9           California's received adequate process when he was allowed an
            opportunity to be heard and was provided a statement of the reasons why
10          parole was denied. (Citation omitted.)

11   Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the

12   process that was due as follows:

13          They were allowed to speak at their parole hearings and to contest the
            evidence against them, were afforded access to their records in advance,
14          and were notified as to the reasons why parole was denied....

15          That should have been the beginning and the end of the federal habeas
            courts' inquiry into whether [the petitioners] received due process.
16
     Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's
17
     "some evidence" rule is not a substantive federal requirement, and correct application of
18
     California's "some evidence" standard is not required by the Federal Due Process
19
     Clause. Id. at 862-63. This is true regardless whether Petitioner is challenging a decision
20
     by the Board to deny parole or the Governor's reversal of a parole grant. Swarthout, 131
21
     S. Ct. at 860-61; Styre v. Adams, 645 F.3d 1106, 1108 (9th Cir.  2011) ("[w]e now hold
22
     that the Due Process Clause does not require that the Governor hold a second suitability
23
     hearing before reversing a parole decision.").
24
            Here, Petitioner argues that the Board's decision was arbitrary and that it relied on
25
     falsified evidence. (Pet.) As described by Swarthout, Petitioner has a right to access his
26
     records in advance and to speak at the parole hearing to contest the evidence
27
     presented. 131 S.Ct. at 862. In the petition, Petitioner does not assert that he was
28

3

1   denied his right to prior notice of the evidence and an opportunity to contest it at his

2   suitability hearing.  Accordingly, Petitioner has not shown that the minimal due process

3   rights afforded under Greenholtz and Swarthout have been violated. Petitioner does not

4   assert cognizable federal grounds for challenging the parole decision. Petitioner is not

5   entitled to habeas relief.

6       A petition for habeas corpus should not be dismissed without leave to amend

7   unless it appears that no tenable claim for relief can be pleaded were such leave

8   granted. Jarvis, 440 F.2d at 14. Here, the Court concludes that it would be futile to grant

9   Petitioner leave to amend his petition, and recommends the petition to be dismissed.

10      Finally, the Court notes that Petitioner attached significant documentation

11  regarding an inmate health care appeal in which he alleged a denial of dental care to the

12  present petition. It appears that such documents were inadvertently attached to the

13  petition. Petitioner did not assert any claims of inadequate medical care in his petition.

14  However, had such claims been asserted, they are not cognizable in a petition for writ of

15  habeas corpus and would be subject to dismissal. If Petitioner desires to file such claims,

16  he should do so by way of a separate civil rights complaint.

17  **II.    CONCLUSION**

18      Although Petitioner asserts that his right to due process of law was violated by the

19  Board's decision, Petitioner has not alleged facts pointing to a real possibility of a

20  violation of the minimal requirements of due process set forth in Greenholtz, 442 U.S. 1.

21  The Court concludes that it would be futile to grant Petitioner leave to amend and that

22  the Petition be dismissed.

23  **III.   RECOMMENDATION**

24      Accordingly, it is RECOMMENDED that the motion to dismiss be granted, and the

25  petition be DISMISSED without leave to amend as Petitioner has not made a showing

26  that he is entitled to relief. Further, the Court ORDERS the Clerk of Court to assign a

27  District Court Judge to the present matter.

28      These findings  and recommendations are submitted to the United States District

4

Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    January 23, 2016        /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE

5